IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOLICK DISTRIBUTORS, CORPORATION
(a/k/a Bolick Distributors, Inc.),

Plaintiff,

v.

ARMSTRONG HOLDINGS, INC.,
ARMSTRONG WOOD PRODUCTS, INC.,
ROBBINS HARDWOOD FLOORING, INC.,

Defendants.

Civil Action No. 02-CV-5135

### ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT

AND NOW, this ____ day of August 2002, upon consideration of the Defendants' Motion for Extension of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint, the accompanying Memorandum of Law, and the plaintiff's response thereto, it is

HEREBY ORDERED that the Motion is GRANTED; defendants Armstrong Holdings, Inc., Armstrong Wood Products, Inc. and Robbins Hardwood Flooring, Inc. shall have up to and including Monday, September 16, 2002, in which to answer, move or otherwise respond to the Complaint.

JAN E. DUBOIS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOLICK DISTRIBUTORS, CORPORATION (a/k/a Bolick Distributors, Inc.),<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG HOLDINGS, INC., ARMSTRONG WOOD PRODUCTS, INC., ROBBINS HARDWOOD FLOORING, INC.,<br><br>Defendants. | Civil Action No. 02-CV-5135 |

### DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT

Defendants Armstrong Holdings, Inc. ("AH"), Armstrong Wood Products, Inc. ("AWP"), and Robbins Hardwood Flooring, Inc. ("Robbins") move the Court to extend the date on which they must answer, move, or otherwise respond to the complaint filed by plaintiff Bolick Distributors Corporation ("Bolick"), and in support thereof, aver as follows:

1. AH, AWP and Robbins were served with a summons in this case on July 25, 2002. Their current response date, as established by Fed. R. Civ. P. 12, would be Wednesday, August 14, 2002.

2. AH, AWP and Robbins have just retained counsel in the Eastern District of Pennsylvania to represent them in this matter, and are currently evaluating and investigating the antitrust claims asserted in Bolick's complaint.

3. Due to the complex nature of the antitrust litigation, AH, AWP and Robbins need additional time to investigate, evaluate, and determine the appropriate response to the complaint.

4.      The apparent real parties in interest in this dispute, i.e., Bolick and Robbins, are already involved in a pending action arising out of their business relationship. That action is on file in the Northern District of Texas, Dallas Division, styled <u>Robbins Hardwood Flooring, Inc. v. Bolick Distributors, Corporation (a/k/a Bolick Distributors, Inc.)</u>, Civil Action No. 3-02-CV-1124-H. That suit was filed on May 28, 2002.

5.      In a series of three conversations held on August 6, 7 and 8, 2002, defendants' counsel twice requested an extension of the deadline from Bolick's Texas counsel, and were twice refused.

6.      Bolick's Texas counsel has not identified any prejudice that his client would suffer if a 30-day extension were granted, nor has he set forth any other reason why this request cannot or should not be accommodated.

7.      This is defendants' first request for an extension of the response date.

8.      Bolick would suffer no undue prejudice were this Motion granted.

9.      If this Motion were granted, defendants would have up to and including Monday, September 16, 2002, to answer, move or otherwise plead in response to the Complaint.

WHEREFORE, defendants, Armstrong Holdings, Inc., Armstrong Wood Products, Inc., and Robbins Hardwood Flooring, Inc. request that the Court grant this Motion and extend till Monday, September 16, 2002 the date on which they must answer, move or otherwise respond to the complaint.

Dated: August 9, 2002

Respectfully submitted,

*/s/ Mark P. Edwards*

Mark P. Edwards, Pa. I.D. No. 42612
Charles J. Reitmeyer, Pa. I.D. No. 62751
MORGAN, LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5769; 5652 (Tel.)
(215) 963-5001 (FAX)

Counsel for Defendants
Armstrong Holdings, Inc.,
Armstrong Wood Products, Inc., and
Robbins Hardwood Flooring, Inc.

OF COUNSEL:

Timothy R. McCormick
   Texas State Bar No. 13463500
L. James Berglund II
   Texas State Bar No. 00783643
Jennifer M. Chase
   Texas State Bar No. 24012415

THOMPSON & KNIGHT
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700 (Tel.)
(214) 969-1751 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOLICK DISTRIBUTORS, CORPORATION (a/k/a Bolick Distributors, Inc.),<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG HOLDINGS, INC.,<br>ARMSTRONG WOOD PRODUCTS, INC.,<br>ROBBINS HARDWOOD FLOORING, INC.,<br><br>Defendants. | Civil Action No. 02 CV 5135 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION OF TIME
TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT

## I.   INTRODUCTION

Defendants Armstrong Holdings, Inc. ("AH"), Armstrong Wood Products, Inc. ("AWP"), and Robbins Hardwood Flooring, Inc. ("Robbins") submit the following Memorandum of Law in support of their joint Emergency Motion for Extension of Time to Answer, Move or Otherwise Respond to the Complaint. Defendants have submitted this Motion on an emergency basis because its subject, i.e., the impending deadline for defendants' response to the complaint, falls before plaintiff's response to this Motion would be due in the normal course.

Plaintiff Bolick Distributors Corporation ("Bolick") and its out-of-town counsel are off to a poor start. Bolick served a three-count antitrust complaint on defendants on July 25, 2002; defendants' response is due, therefore, on August 14, 2002 (Fed. R. Civ. P. 12). Counsel for defendants have twice requested a reasonable extension of that response date, yet Bolick's counsel has twice refused.

Defendants must, therefore, involve the Court in this matter, and request that it accord them the extension that Bolick would not.

AH, AWP, and Robbins need the additional time because of the complexities of the complaint's antitrust claims, and because they have retained counsel in the last two days who need time to familiarize themselves with those claims and prepare a proper response.

## II.    FACTS

Robbins and Bolick are parties to a lawsuit now pending in the U.S. District Court for the Northern District of Texas, which was filed this past May, and which concerns the parties' business relationship.[1/] Rather than assert its antitrust claims in the Northern District of Texas case, Bolick filed them here in this Court on July 25, 2002. Bolick gave defendants no advance notice of this suit, nor did it request a waiver of service in accordance with Federal Rule of Civil Procedure 4(d).

Due to the complexities involved in this antitrust action, defendants realized that they would need additional time to evaluate Bolick's claims and to retain counsel here. In a series of three conversations held on August 6, 7 and 8, 2002, counsel for defendants contacted Bolick's counsel and requested an extension of the current deadline. On August 7, 2002, defendants' counsel conferred with Charles Moster, lead counsel for Bolick. Mr. Moster refused to agree to *any* extension. Counsel for defendants renewed that request on Thursday, August 8, 2002. Mr. Moster again refused.

The defendants thus have no choice but to file this motion and seek relief from the Court.

---

[1/]    Robbins Hardwood Flooring, Inc. v. Bolick Distributors, Corporation (a/k/a Bolick Distributors, Inc.); Civil Action No. 3-02 CV 1124-H; filed May 28, 2002.

2

### III. ARGUMENT

This is the defendants' first request for an extension of the deadline for a response to the complaint.

This Court, of course, has the discretion to extend the time period in which defendants must answer, move or otherwise respond to a complaint. See Fed. R. Civ. P. 6(b).

The defendants need additional time in this instance to conduct the "reasonable inquiry" of the facts mandated by Fed. R. Civ. P. 11, and to evaluate Bolick's antitrust claims and prepare papers responsive to them. The defendants are currently conducting that evaluation, but need additional time to complete it and then adequately address the complaint.

In addition, Bolick has identified no prejudice that it would suffer, if an extension were granted. Counsel for Bolick has not, in fact, offered any sensible reason why this request cannot be accommodated.

Therefore, notwithstanding Bolick's opposition to this Motion, the Court should exercise its wide discretion in this instance and accord defendants an extension up to and including, Monday, September 16, 2002 to answer, move or otherwise respond to the complaint. Motions of this type are routinely granted. See, e.g., The Peruvian Connection, Ltd. v. Christian, 977 F. Supp. 1107, 1114 (D. Kan. 1997); Aniero Concrete Company v. New York City Construction Authority, Nos. 94 Civ. 9111 and 95 Civ. 3506, 1997 WL 91300 (S.D.N.Y. March 4, 1997).

3

## IV. CONCLUSION

AH, AWP and Robbins, therefore, request an extension of the deadline for their response to the complaint -- currently August 14, 2002 -- up to and including Monday, September 16, 2002.

Respectfully submitted,

Dated: August 9, 2002

_____
Mark P. Edwards, Pa. I.D. No. 42612
Charles J. Reitmeyer, Pa. I.D. No. 62751
MORGAN, LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5769; 5652 (Tel.)
(215) 963-5001 (FAX)

Counsel for Defendants
Armstrong Holdings, Inc.,
Armstrong Wood Products, Inc., and
Robbins Hardwood Flooring, Inc.


OF COUNSEL:

Timothy R. McCormick
   Texas State Bar No. 13463500
L. James Berglund II
   Texas State Bar No. 00783643
Jennifer M. Chase
   Texas State Bar No. 24012415


THOMPSON & KNIGHT
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700 (Tel.)
(214) 969-1751 (FAX)

## CERTIFICATE OF SERVICE

Charles J. Reitmeyer, hereby certifies that he caused a copy of the foregoing Defendants' Emergency Motion For Extension Of Time To Answer, Move Or Otherwise Respond To The Complaint and the supporting Memorandum of Law to be served this date via facsimile and first-class United States mail, postage pre-paid, on the following:

> Charles A. Moster, Esquire
> Moster & Wynne PC
> 1135 West 6th Street, Suite 140
> Austin, Texas 78703
>
> Counsel for Plaintiff
> Bolick Distributors, Corporation

Dated: August 9, 2002

CHARLES J. REITMEYER